**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SHANE HALE, *individually and on behalf of all others similarly situated,* | ) ) ) | |
| Plaintiff, | ) | Case No. 4:21-cv-877 |
| v. | ) ) | |
| CREDIT MANAGEMENT, L.P, | ) | **Jury Trial Demanded** |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Shane Hale, individually, and on behalf of all others similarly situated, through his counsel of record, and for his Class Action Complaint against Defendant Credit Management, L.P., states as follows:

### Introduction: The Fair Debt Collection Practices Act

1.    The primary purposes of the Fair Debt Collection Practices Act ("FDCPA") are to eliminate "abusive debt collection practices by debt collectors" and to "insure that those debt collectors who refrain from using abusive debt collection tactics are not competitively disadvantaged." 15 U.S.C. §1692(e).

2.    The FDCPA is a strict liability statute to be construed based on an "objective standard measured by the least sophisticated consumer." *See* Taylor v. Perrin, Landry, deLaunay and Durand, 103 F.3d 1232, 1236 (5th Cir. 1997); Lee v. Credit Mgmt., LP, 846 F. Supp. 2d 716, 722 (S.D. Tex. 2012).

3.    This case is about a debt collector, Credit Management, L.P., not following basic rules, in its efforts to collect purported consumer debts.

4.      Credit Management, L.P., systematically used misleading practices to collect debts from Plaintiff Shane Hale and the putative class members without disclosing the correct amounts of the debt owed.

5.      More specifically, Credit Management, L.P. improperly failed to disclose to Hale and the putative class members that interest and/or other charges were accruing on the debts Credit Management, L.P. was attempting to collect.

6.      This case seeks to rectify Credit Management, L.P.'s misconduct, while leveling the playing field for those who follow the rules when engaging in debt collection.

## Parties

7.      Plaintiff Shane Hale ("Plaintiff" or "Hale") is an individual who at all times relevant hereto resided in Denton County, Texas.

8.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA.

9.      Defendant Credit Management, L.P. (hereinafter "Credit Management" or "Defendant") is a Nevada corporation that is registered as foreign entity in the State of Texas.

10.     Credit Management maintains its headquarters at 6080 Tenyson Parkway, Suite 100, Plano, Texas 75024.

11.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

12.     Debt collection is the principal purpose of Defendant's business.

13.     Defendant's primary business is collecting purported debts on behalf of third parties.

14.    Defendant's website states that its goal is "to collect valid debts from consumers that are able to pay them."

## Jurisdiction and Venue

15.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

16.    The conduct alleged in this Complaint was committed within this District.

17.    Specifically, Defendant sent Plaintiff written correspondence from an address in Plano, Texas (where Defendant is headquartered) to an address in Lewsville, Texas (where Plaintiff resided at all times relevant hereto).  Both locations are within this District.

18.    Accordingly, personal jurisdiction exists and venue is proper pursuant to 28 U.S.C. §§ 1391 (b)(1) and (b)(2).

## Facts Concerning Hale

19.    At all times relevant hereto, Mr. Hale resided in Lewisville, Texas.

20.    Defendant sent a collection letter dated to April 7, 2021, to Hale on behalf of "Nebraska Furniture Mart of Tx." (A true and correct copy of that letter is attached as Exhibit "A" (redacted to protect Plaintiff's personal information).

21.    That debt arose from transactions that were primarily for personal, family or household purposes.

22.    The collection letter at issue stated Hale owed a debt to Nebraska Furniture Mart in the amount of $3,241.58.  (A true and correct copy of that letter is attached as Exhibit "A" (redacted to protect Plaintiff's personal information).[1]

23.    Defendant's collection letter did not state that the amount owed was increasing due to accruing interest or other charges.

24.    The amount owed however was increasing as interest was accruing at the time.

25.    While Defendant's collection letter demands payment in full, the letter does not state the date on which the balance was calculated and does not explain that interest would continue to accrue.

26.    On information and belief, the purported account that was the subject of Defendant's collection letter was accruing interest and/or accruing other charges.

27.    Thus, on the date Hale received the letter, the amount asserted to be owed was inaccurate as interest and other charges were accruing on the purported account.

28.    As a result of the letter sent by Credit Management, Hale was confused and misled as to the balance owed on the underlying account.

29.    The collection letter is misleading, in part, because it can lead consumers, especially unsophisticated consumers and the least consumers, to believe that payment of the amount in the collection letter will clear the account, when in reality, there will still be additional amounts due.

## **Class Claims**

30.    Pursuant to Federal Rule of Civil Procedure 23(b)(3) Hale seeks recourse

---

[1] The mailing address in the letter identifies Plaintiff's municipality of residence as The Colony, Texas.  Plaintiff resides on the border of The Colony and Lewisville and mail is delivered to Plaintiff listing either municipality. Both are within Denton County.

individually, and on behalf a similarly situated class.

31.    Specifically, Hale seeks to represent a class of persons defined as follows:

> All individuals from one year before the filing of this lawsuit until the date of class certification who received a letter from Credit Management, L.P. asserting an amount was due, but which letter did not disclose that interest or other charges were accruing on the account.

32.    On information and belief, there are hundreds, if not thousands of putative class members, making joinder of all class members is impracticable.

33.    Hale's claims are typical of the claims of the putative class members.

34.    Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a) Whether Defendant is a "debt collector" as defined by the FDCPA;

b) Whether Defendant's conduct as described in this Complaint is governed by the FDCPA;

c) Whether Defendant's failure to disclose that interest and/or other charges were accruing in its collection letters violates the FDCPA;

d) Whether Defendant used false, deceptive, or misleading or misleading means to collect or attempt to collect debts from Hale and the putative class members;

e) Whether Defendant used unfair or unconscionable means to collect or attempt to collect debts from Hale and the putative class members.

35.    Hale will fairly and adequately represent the putative class members.

36.    Hale has retained counsel experienced in the prosecution of class actions, and Hale is committed to vigorously prosecuting the claims.

37.    Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

38.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

39.    Due to Defendant's illegal conduct as described above, Hale and the putative class members are entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1).


**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
*(False, Misleading or Representations in the Course of Collecting a Debt)*

40.    Hale incorporates all previous paragraphs in this Complaint as if fully set forth herein.

41.    Hale and the putative class members are "consumers" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because they are natural persons and are alleged by Defendant to owe debts.

42.    The debts attempted to be collected by Defendant are "debts" as defined by the FDCPA, 15 U.S.C. §1692a(5), because Defendant alleged Hale and the putative class members owed a sum of money arising out of a transaction that was primarily for personal, family or household purposes.

43.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to other entities.

44.    The collection letters sent by Defendant to Hale and the putative class members are "communications" as defined by the FDCPA, 15 U.S.C. §1692a(6).

45.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

46.     15 U.S.C. § 1692e of the FDCPA provides in relevant part that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits debt collectors from making "a false representation of the character, amount, or legal status of any debt."

48.     15 U.S.C. § 1692e(10) prohibits debt collectors from "the use of any false representation or deceptive means to collect or attempt to collect any debt…"

49.     Defendant's actions violate the sections 1692e and 192e10) of the FDCPA because Defendant collection letter included a false, deceptive, or misleading representation in connection with attempting to collect debts from Hale and the putative class members, by failing to disclose that interest was accruing on the account.

50.     Defendant's actions violate 15 U.S.C. § 1692e(2)(A) of the FDCPA because Defendant falsely represented the amount of the debts alleged to be owed by Hale and the putative class members by not disclosing that interest was accruing on the account.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692f
### (Unfair and Unconscionable Methods to Collect a Debt)

51.     Hale incorporates all previous paragraphs in this Complaint as if fully set forth herein.

52.     15 U.S.C. § 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt…"

53.     Defendant's actions violate 15 U.S.C. § 1692f of the FDCPA because Defendant's failure to accurately represent the balance owed was an unfair or unconscionable means to attempt

to collect debts from Hale and the putative class members.

54.    Due to Defendant's unlawful conduct as described above, Hale is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(i).

55.    Due to Defendant's unlawful conduct as described above, the putative class members are entitled to statutory damages under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(ii).

56.    Due to Defendant's unlawful conduct as described above, Hale and the putative class members are entitled to costs and attorneys' fees under the FDCPA, 15 U.S.C. §1692k(a)(3).

WHEREFORE Plaintiff Shane Hale, individually, and on behalf of all others similarly situated, requests that the Court enter a judgment against Credit Management, L.P., in excess of $75,000.00 and grant the following relief:

   a) enter an order pursuant to Federal Rule of Civil Procedure 23(b)(3) certifying this action as a class action, and appointing Shane Hale as class representative;
   b) enter an order appointing Kimmel & Silverman and Butsch Roberts & Associates LLC as class counsel;
   c) enter judgment in favor of Shane Hale, and the class for all damages available under the Fair Debt Collection Practices Act, including actual damages, statutory damages, attorneys' fees and costs incurred in bringing this action;
   d) enter an order or judgment declaring that Defendant's conduct violates the FDCPA;
   e)  award Shane Hale, and the class all expenses incurred in the litigation and require Credit Management to pay the costs and expenses of class notice and administration; and,
   f) award Shane Hale and the class all taxable court costs, any applicable pre-judgment and post-judgment interest and any other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial in connection with his individual and class claims against

Defendant Credit Management, LP.

Respectfully submitted,

By: */s/  Jacob U. Ginsburg*
*Jacob U. Ginsburg, Esq.*
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
jginsburg@creditlaw.com
Email: teamkimmel@creditlaw.com

**BUTSCH ROBERTS & ASSOCIATES LLC**

By:   */s/ Christopher E. Roberts*
David T. Butsch (*pro hac* forthcoming)
Christopher E. Roberts (*pro hac* forthcoming)
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
dbutsch@butschroberts.com
croberts@butschroberts.com

Counsel for Plaintiff Shane Hale

DATED: November 2, 2021